MORGAN, LEWIS & BOCKIUS LLP
Joseph E. Floren, State Bar No. 168292
Elizabeth A. Frohlich, State Bar No. 195454
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

*Of Counsel*

Marc J. Sonnenfeld
Karen Pieslak Pohlmann
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5000
Facsimile: 215.963.5001

*Attorneys for Defendants CardioNet, Inc., Arie Cohen, James M. Sweeney, Martin P. Galvan, Fred Middleton, Woodrow Myers, Jr., M.D., Eric N. Prystowsky, M.D., Harry T. Rein, Robert J. Rubin, M.D., and Randy H. Thurman*

[Additional parties and counsel identified on signature page]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST PALM BEACH POLICE PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDIONET, INC., ARIE COHEN, JAMES M. SWEENEY, MARTIN P. GALVAN, FRED MIDDLETON, WOODROW MYERS JR., M.D., ERIC N. PRYSTOWSKY, M.D., HARRY T. REIN, ROBERT J. RUBIN, M.D., RANDY H. THURMAN, BARCLAY'S CAPITAL, INC., CITIGROUP GLOBAL MARKETS INC., LEERINK SWANN LLC, THOMAS WEISEL PARTNERS LLC, BANC OF AMERICA SECURITIES LLC and COWEN AND COMPANY,<br><br>Defendants. | Civil Action No.: 3:10-cv-00711-L-NLS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>DATE: June 28, 2010<br>TIME: 10:30 a.m.<br>Hon M. James Lorenz<br><br>**ORAL ARGUMENT REQUESTED** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ................................................................................................... 3

ARGUMENT .......................................................................................................................... 5

I.      THE COURT SHOULD DECIDE DEFENDANTS' MOTION TO TRANSFER
        THE ACTION BEFORE PLAINTIFF'S MOTION TO REMAND ................................. 5

II.     RELEVANT STANDARDS OF STATUTORY INTERPRETATION ........................... 6

III.    STATUTORY BACKGROUND .................................................................................. 7

IV.     THIS ACTION WAS PROPERLY REMOVED UNDER 28 U.S.C. § 1441
        BECAUSE SLUSA GAVE FEDERAL COURTS EXCLUSIVE JURISDICTION
        OVER "COVERED CLASS ACTIONS" ALLEGING SECURITIES ACT
        CLAIMS .................................................................................................................. 11

V.      THIS ACTION WAS PROPERLY REMOVED UNDER SLUSA'S REMOVAL
        PROVISIONS .......................................................................................................... 14

VI.     SLUSA'S LEGISLATIVE HISTORY AS CONSTRUED BY NUMEROUS
        COURTS CONFIRMS THAT REMOVAL WAS PROPER ........................................ 19

VII.    CAFA'S REMOVAL PROVISIONS ARE NOT AT ISSUE IN THIS MATTER .......... 21

CONCLUSION ...................................................................................................................... 22

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

1  **TABLE OF AUTHORITIES**

2  **Page**

Alkow v. TXU Corp., Nos. 3:02-2738, 3:02-2739, 2003 WL 21056750
  (N.D. Tex. May 8, 2003) ................................................................. 16, 18, 20, 21

Bob Jones Univ. v. United States, 461 U.S. 574 (1983) ...................................... 7

Brody v. Homestore, 240 F. Supp. 2d 1122 (C.D. Cal. 2003) ....................... 16, 20, 21

Burse v. Purdue Pharma Co., Nos. 04-594, 04-713, 2004 WL 1125055
  (N.D.Cal. May 3, 2004) ................................................................................. 5

Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86 (2d Cir. 2004) ............. 7, 12, 19

Falkowski v. Imation Corp., 309 F.3d 1123 (9th Cir. 2002), amended by
  320 F.3d 905 (9th Cir. 2003) ........................................................................ 7, 20

In re Fannie Mae 2008 Sec. Litig., Nos. 08-7831, 09-1352, 2009 WL 4067266
  (S.D.N.Y. Nov. 24, 2009) ............................................................................ 12

Friedman v. Purdue Pharma Co., No. 04-0404, 2004 WL 1376383
  (D. Ariz. June 2, 2004) .................................................................................. 5

Gould v. Nat'l Life Ins. Co., 990 F. Supp. 1354 (M.D. Ala. 1998) ........................... 6

Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.,
  No. 03-0714, 2003 WL 23509312 (S.D. Cal. Aug. 27, 2003) ........................... 15, 17

In re King Pharms., Inc. Sec. Litig., 230 F.R.D. 503 (E.D. Tenn. 2004) ................. 12, 20

Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006) ................................. 18, 19

Knox v. Agria Corp., 613 F. Supp. 2d 419 (S.D.N.Y. 2009) ......................... 12, 13

Kulinski v. Am. Elec. Power Co., No. 03-412, 2003 WL 24032299
  (S.D. Ohio Sept. 19, 2003) ..................................................................... 16, 20

In re LimitNone, LLC, 551 F.3d 572 (7th Cir. 2008) ...................................... 6

Lowinger v. Johnston, No. 3:05-316, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) ............ 18, 20

Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008) ......... 13, 14, 22

Patenaude v. Equitable Life Assurance Soc'y of U.S., 290 F.3d 1020
  (9th Cir. 2002), abrogation on other grounds recognized by Proctor v. Vishay
  Intertech. Inc., 584 F. 3d 1208 (9th Cir. 2009) ................................... 6, 7, 20

Estate of Pew v. Cardarelli, 527 F.3d 25 (2d Cir. 2008) ............................... 22

Pinto v. Vonage Holdings Corp., No. 07-0062, 2007 WL 1381746
  (D.N.J. May 7, 2007) ...................................................................... 12, 20, 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3    Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.,
      No. 05-2730, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) .................. 14, 15, 17

4

Pub. Employees' Ret. Sys. of Miss. v. Morgan Stanley, 605 F. Supp. 2d 1073
      (C.D. Cal. 2009) ......................................................................................................... 2, 5

5

6    Purowitz v. DreamWorks Animation SKG, No. 05-6090,
      2005 U.S. Dist. LEXIS 46911 (C.D. Cal. Nov. 15, 2005) ................................. 17, 18, 20, 21

7

8    Rovner v. Vonage Holdings Corp., No. 07-178, 2007 WL 446658
      (D.N.J. Feb. 7, 2007)................................................................................................. passim

9    Rubin v. Pixelplus Co., Ltd., No. 06-2964, 2007 WL 778485
      (E.D.N.Y. Mar. 13, 2007) ......................................................................................... passim

10

Shay v. Sight & Sound Sys., 668 F. Supp. 2d 80 (D.D.C. 2009)...................................... 6

11

12    In re Silicon Graphics, Inc. Sec. Litig., 183 F.3d 970 (9th Cir. 1999), abrogation in part on
      other grds. recognized in South Ferry LP, No. 2 v. Killinger, 542 F.3d 776 (9th Cir.
      2008) .......................................................................................................................... 7

13

Sinochem Int'l Co. Ltd. v. Malay Int'l Shipping Corp., 549 U.S. 422 (2007) ........................ 5, 6

14

TRW Inc. v. Andrews, 534 U.S. 19 (2001) .......................................................................... 6

15

In re Tyco Int'l Multidistrict Litig., 322 F. Supp. 2d 116 (D.N.H. 2004)........................ 14, 15, 17

16

Unschuld v. Tri-S Sec. Corp., No. 1:06-02931, 2007 WL 2729011
      (N.D. Ga. Sept. 14, 2007) ......................................................................... 2, 14, 17, 19

17

18    In re Waste Mgmt., Inc. Sec. Litig., 194 F. Supp. 2d 590 (S.D. Tex. 2002) .............................. 20

19

**FEDERAL STATUTES**

20

21    17 C.F.R. § 242.10b-5................................................................................................. 4

15 U.S.C. § 77k........................................................................................................... 4

22

15 U.S.C. § 77l............................................................................................................ 4

23

15 U.S.C. § 77o........................................................................................................... 4

24

15 U.S.C. § 77p..................................................................................................... passim

25

15 U.S.C. § 77r........................................................................................................... 13

26

15 U.S.C. § 77v..................................................................................................... passim

27

15 U.S.C. § 77z-1....................................................................................................... 8

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

**TABLE OF AUTHORITIES**
(continued)

Page

15 U.S.C. § 78j .......................................................................................................... 4

15 U.S.C. §78t ........................................................................................................... 4

28 U.S.C. § 1332 ..................................................................................................... 13

28 U.S.C. § 1404 ............................................................................................... 4, 5, 6

28 U.S.C. § 1441 ..................................................................................... 4, 7, 11, 14

28 U.S.C. § 1453 ..................................................................................................... 13

28 U.S.C. §§ 1711-15 ............................................................................................. 13

**OTHER LEGISLATIVE AUTHORITY**

144 Cong. Rec. H11019-01, H11020 ...................................................................... 19

H.R. Conf. Rep. No. 105-803 (1998) ................................................................. 8, 19

Pub. L. No. 105-353, 112 Stat. 3227 (1998) ..................................................... 9, 19

S. Rep. No. 105-182 (1998) ..................................................................................... 8

**OTHER AUTHORITY**

William B. Snyder Jr., Comment, The Securities Act of 1933 After SLUSA: Federal
    Class Actions Belong In Federal Court, 85 N.C. L. Rev. 669 (2007)..................... 21

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

1    In this action brought by plaintiff West Palm Beach Police Pension Fund (the "Pension

2    Fund" or "Plaintiff"), defendants CardioNet, Inc. ("CardioNet" or the "Company"), Arie Cohen,

3    James M. Sweeney, Martin P. Galvan, Fred Middleton, Woodrow Myers, Jr., M.D., Eric N.

4    Prystowsky, M.D., Harry T. Rein, Robert J. Rubin, M.D., Randy H. Thurman (collectively

5    "CardioNet Defendants"), and Barclays Capital Inc. (erroneously named as Barclay's Capital,

6    Inc.), Citigroup Global Markets Inc., Leerink Swann LLC, Thomas Weisel Partners LLC, Banc of

7    America Securities LLC and Cowen and Company, LLC (erroneously named as Cowen and

8    Company) (collectively "Underwriter Defendants" and, with CardioNet Defendants, the

9    "Defendants"), respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion

10   to Remand the action.

11                              **PRELIMINARY STATEMENT**

12   This is a putative securities class action, alleging claims under the federal Securities Act

13   of 1933 ("Securities Act").[1]  Plaintiff purports to assert claims on behalf of a putative class of

14   investors who allegedly purchased CardioNet stock in the Company's March 25, 2008 initial

15   public offering ("IPO") and August 6, 2008 Secondary Offering ("Secondary Offering").

16   Plaintiff contends that the registration statements and prospectuses for the IPO and the Secondary

17   Offering contained false and misleading statements and omissions in violation of the Securities

18   Act.  Defendants timely removed this action from state court on April 5, 2010.

19   Reduced to its essence, the Motion to Remand is predicated on the notion that Plaintiff's

20   abandonment of its state law claims—such that the Amended Complaint now asserts only claims

21   under federal securities law—renders the action non-removable to federal court, even though

22   class actions of this kind are within the exclusive jurisdiction of the federal courts.  Plaintiff

23   appears to concede that its original Complaint, which asserted state law claims in addition to

24   federal claims, would have been properly removed if Defendants had filed their Notice of

25   Removal before Plaintiff filed its Amended Complaint dropping the state law claims.  Plaintiff

26   argues that the action must now return to state court because it asserts no state claims.  Congress

27

28

---

[1]   Unless otherwise stated, all statutory references are to the Securities Act, 15 U.S.C. §§ 77a et
seq.; all emphases in quotations are added; and all internal citations in quotations are omitted.

1   enacted the Private Litigation Securities Reform Act of 1995 ("PSLRA") and the Securities

2   Litigation Uniform Standards Act of 1998 ("SLUSA") to curb the number of securities class

3   actions filed in state courts, and intended that "covered class actions" such as this one be litigated

4   only in federal court. In acting to stop state court litigation of securities class actions, Congress

5   did not sanction the absurd result urged by Plaintiff.

6          Plaintiff's Motion to Remand "presents a single issue: Is a securities class action filed in

7   state court and brought entirely under the 1933 Securities Act removable to federal court?" See

8   Unschuld v. Tri-S Sec. Corp., No. 1:06-cv-02931, 2007 WL 2729011, at *1 (N.D. Ga. Sept. 14,

9   2007) (cited in Plaintiff's Memorandum of Points and Authorities in Support of Motion to

10  Remand ("Plaintiff's Memorandum" or "Pl. Mem.") at 3, 7, 8). "Although the question is

11  straight-forward," as Unschuld explains, "the answer has been anything but simple . . . .

12  [B]ecause the specific removal provision [of the Securities Act] and the general provision [of the

13  Securities Act] governing concurrent jurisdiction of federal securities [claims] are fraught with

14  confusion, district courts have been unable to come up with a unified response to the question."

15  Id. Rather than following a consistent approach, "district courts are split, with some finding

16  removal of such federal claims from state court to be proper and with others finding that these

17  claims must be remanded to state court," and the appellate courts have not resolved the conflict.

18  Id.

19         Plaintiff's Motion to Remand asks this Court to "join[] the parade of other district courts

20  that have tried to make sense of" Congress's SLUSA amendments to the Securities Act. Id. at *2.

21  The Court need not accept Plaintiff's invitation. It would be both appropriate and more efficient

22  for the Court first to decide Defendants' earlier-filed and straightforward Motion to Transfer this

23  action to the Eastern District of Pennsylvania—where CardioNet is currently based, many of the

24  events at issue occurred, and related, earlier-filed federal securities class action litigation is

25  already pending in federal court—and allow the transferee court to determine subject-matter

26  jurisdiction. Other district courts within the Ninth Circuit have taken precisely this approach

27  under these circumstances. See, e.g., Pub. Employees' Ret. Sys. of Miss. v. Morgan Stanley, 605

28  F. Supp. 2d 1073, 1074 (C.D. Cal. 2009).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1    If this Court decides to address subject-matter jurisdiction now, it should deny the Motion

2    to Remand.  The Securities Act permits removal of this case, because the Complaint asserts

3    federal securities claims concerning a security traded on a national exchange on behalf of a

4    nationwide class, and the Securities Act prohibits state courts from exercising concurrent

5    jurisdiction.  The first sentence of the jurisdictional section of the Securities Act (Section 22)

6    makes clear that <u>state courts lack jurisdiction</u> to hear this federal claim.  As such, removal is

7    proper, and the Motion to Remand should be denied.  Should this Court decide to reach the

8    question presented by Plaintiff, it should note that, contrary to Plaintiff's argument, the

9    jurisdictional provisions of the Securities Act, as amended by SLUSA, are anything but "plain

10   and unambiguous."  Pl. Mem. at 1.  Indeed, even the authorities cited by Plaintiff recognize this.

11   Plaintiff's argument focuses upon the complex interplay between the provisions of Sections 22

12   and 16, Pl. Mem. at 1-3, 5-16, as to which there are numerous conflicting district court decisions.

13   The better-reasoned line of authority, and the only one consistent with Congress' express intent,

14   is to permit removal of these cases to federal court.  This is particularly true because Plaintiff's

15   reading of the statute would nullify the express terms of SLUSA.  This statute provides for

16   removal of cases "arising under" the Securities Act, and only federal claims can "arise" under the

17   Securities Act.  Thus, whether this Court relies on the first sentence of Section 22 relating to

18   jurisdiction or the language in Sections 22 and 16 relating to removal, the Motion to Remand

19   should be denied.

20                                   **<u>FACTUAL BACKGROUND</u>**

21   On or about March 5, 2010, Plaintiff West Palm Beach Police Pension Fund filed a Class

22   Action Complaint for Violation of the Securities Act of 1933 and the California Corporations

23   Code initiating an action in the Superior Court of the State of California, San Diego County,

24   Docket No. 37-2010-00086836-CU-SL-CTL (the "Complaint").  The initial Complaint was styled

25   as a putative class action on behalf of Plaintiff and all others who "purchased or otherwise

26   acquired the common stock of CardioNet pursuant and/or traceable to the Company's $83 million

27   initial public stock offering on March 25, 2008 (the 'IPO') and or its $152+ million secondary

28   stock offering on August 6, 2008 (the 'Secondary Offering,' collectively with the IPO, the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  'Offerings')."  See Compl. ¶ 1 (Docket No. 1, Attachments 1 and 2).  The Complaint alleged,

2  among other things, that the Offerings contained misstatements and omissions in violation of

3  Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l(a)(2), 77o.  See Compl.

4  ¶¶ 31, 64-80, 87-106.  The Complaint also asserted a claim under Sections 25401 and 25501 of

5  the California Corporations Code against defendants Sweeney and Middleton.  See Compl. ¶¶ 1,

6  31, 107-17.  On or about March 10, 2010, Plaintiff filed an Amended Complaint in the State

7  Court Action that deleted the state law claims under Sections 25401 and 25501 of the California

8  Corporations Code, leaving the remaining allegations of a putative class action under the

9  Securities Act untouched.  See Am. Compl. (Docket No. 1, Attachment 1).  Defendants removed

10  the action to this Court on April 5, 2010 pursuant to 28 U.S.C. § 1441 (Docket No. 1).

11       Plaintiff's claim is closely related to an earlier-filed putative securities class action now

12  pending in the United States District Court for the Eastern District of Pennsylvania, which alleges

13  claims against CardioNet and certain of the individual Defendants for alleged violations of

14  Section 10(b), Rule 10b-5 thereunder, and Section 20(a) of the Securities Exchange Act of 1934,

15  15 U.S.C. §§ 78j(b), 78t(a), 17 C.F.R. § 242.10b-5 (the "Pennsylvania Action").  The

16  Pennsylvania Action was filed in August 2009, concerns the same subject-matter as this action,

17  and involves many of the same factual allegations and parties.  Given the overlapping nature of

18  the allegations in the pending Pennsylvania Action and the claims asserted here, Defendants

19  moved on April 7, 2010 to transfer this action to the Eastern District of Pennsylvania pursuant to

20  28 U.S.C. § 1404.  Docket No. 11.  During discussions with Plaintiff's counsel concerning the

21  hearing date on Defendants' Motion to Transfer, Plaintiff advised that it intended to seek remand,

22  and Defendants agreed to notice their Motion to Transfer for hearing so that Plaintiff could

23  prepare and file its Motion to Remand for hearing on the same date to allow the Court to decide

24  which motion to entertain first.  See Docket No. 15.

25       On April 23, 2010, Plaintiffs filed the instant Motion to Remand.  Both the Motion to

26  Remand and Defendants' Motion to Transfer are set for hearing on June 28, 2010.

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

**ARGUMENT**

I.   **THE COURT SHOULD DECIDE DEFENDANTS' MOTION TO TRANSFER THE ACTION BEFORE PLAINTIFF'S MOTION TO REMAND**

Plaintiff filed this case in California state court in an attempt to avoid litigating its claims with the Pennsylvania Action, just as it amended its Complaint to eliminate the California securities fraud claims that created a separate basis for removal of this action.  Since the District Court for the Eastern District of Pennsylvania is the court best suited to handle this action, all questions, including Plaintiff's Motion to Remand and any other jurisdictional issues, should be addressed by that court.  Additionally, given the complexity of the jurisdictional and unsettled statutory interpretation issues presented by Plaintiff's Motion to Remand, it would be appropriate for the Court to rule first on Defendants' earlier-filed Motion to Transfer, which presents straightforward venue questions.  See, e.g., Sinochem Int'l Co. Ltd. v. Malay Int'l Shipping Corp., 549 U.S. 422, 436 (2007) ("[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.").[2]  As other district courts in the Ninth Circuit have ruled, the Court need not address the "propriety of removal before ruling on the motion to transfer."  Pub. Employees' Ret. Sys. of Miss., 605 F. Supp. 2d at 1074; see also Burse v. Purdue Pharma. Co., Nos. 04-594, 04-713, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) ("The Court is free to rule on the competing motions [to remand and to transfer] in any order."); Friedman v. Purdue Pharma. Co., No. Civ. 04-0404, 2004 WL 1376383, at *2 (D. Ariz. June 2, 2004) (same).

As the Court of Appeals for the Seventh Circuit explained in rejecting a writ petition challenging a district court's decision to rule on a motion to transfer before ruling on a motion to remand, "[t]he relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy; the site of the majority of the conduct in question concerns the convenience

---

[2]   As the Sinochem Court noted, the doctrine of *forum non conveniens* has been "codified" in 28 U.S.C. § 1404(a), in which Congress "has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action."  549 U.S. at 430.  Accordingly, Sinochem's analysis fully applies here.

1    and fairness of transferring the case." In re LimitNone, LLC, 551 F.3d 572, 576 (7th Cir. 2008)

2    (per curiam) (holding that "the district court was not required to determine its own subject-matter

3    jurisdiction before ordering the case transferred"; citing cases so stating); see also Shay v. Sight

4    & Sound Sys., 668 F. Supp. 2d 80, 82 (D.D.C. 2009) ("Because there is no automatic priority for

5    sequencing jurisdictional issues . . . a court may decide questions of venue before addressing

6    issues of personal or subject matter jurisdiction."); Gould v. Nat'l Life Ins. Co., 990 F. Supp.

7    1354, 1362 (M.D. Ala. 1998) ("[T]here is no federal law or statute, or judicial decision, that

8    requires this court to decide a motion to remand before it decides a motion to transfer."; citing

9    cases). The extensive contacts and connections of Plaintiff's claims, Defendants, and the conduct

10   at issue with the Eastern District of Pennsylvania, as well as the factors identified by the Supreme

11   Court in Sinochem, all weigh in favor of ruling on Defendants' Motion to Transfer before

12   Plaintiff's Motion to Remand. Doing so would also further the ends of convenience, fairness, and

13   judicial economy. See Docket No 11, Memorandum of Points and Authorities in Support of

14   Defendants' Joint Motion to Transfer the Action to the Eastern District of Pennsylvania Pursuant

15   to 28 U.S.C. § 1404(a) at 4-5.

16   **II.    RELEVANT STANDARDS OF STATUTORY INTERPRETATION**

17        Whether this Court has subject-matter jurisdiction in this case turns on the proper

18   interpretation of relevant provisions of the Securities Act. Three principles govern this Court's

19   interpretation of the Securities Act. First, although courts generally adhere to a statute's plain

20   meaning, the relevant provisions of SLUSA must be considered in the context of the Securities

21   Act as a whole; interpretations of the specific sections cannot conflict with, or render superfluous,

22   other provisions in the Securities Act. See TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001);

23   Patenaude v. Equitable Life Assurance Soc'y, 290 F.3d 1020, 1025 (9th Cir. 2002), abrogation on

24   other grounds recognized by Proctor v. Vishay Intertech. Inc., 584 F. 3d 1208 (9th Cir. 2009)

25   (interpreting SLUSA).

26        Second, the relevant sections of the Securities Act must be interpreted consistent with the

27   purpose and legislative history of SLUSA, which amended or added the subsections at issue. See

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Patenaude, 290 F.3d at 1025; see also Bob Jones Univ. v. United States, 461 U.S. 574, 586

2    (1983).

3          Third, as the Ninth Circuit has directed, SLUSA "should . . . be viewed as part of the

4    remedial package of federal securities laws," and "should be construed not technically and

5    restrictively, but flexibly to effectuate its remedial purposes." Falkowski v. Imation Corp., 309

6    F.3d 1123, 1129 (9th Cir. 2002), amended, 320 F.3d 905 (9th Cir. 2003). Through SLUSA,

7    Congress specifically sought to expand the jurisdiction of federal courts over Securities Act

8    claims by (i) providing for exclusive federal jurisdiction over "covered class actions," and (ii)

9    limiting the anti-removal provision in the second sentence of Section 22, 15 U.S.C. § 77v(a). See

10   CALPERS v. WorldCom, Inc., 368 F.3d 86, 105 (2d Cir. 2004) ("SLUSA . . . expanded federal

11   jurisdiction over class actions."). Thus, Plaintiff's reference to a "strong presumption against

12   removal," Pl.'s Br. at 4-5, does not apply to the outcome-determinative statutory interpretation

13   issues here.[3]

14   **III.    STATUTORY BACKGROUND**

15         When Congress adopted the Securities Act in 1933, it provided federal and state courts

16   with concurrent jurisdiction over suits in equity and at law to enforce liability created by the Act.

17   See 15 U.S.C. § 77v(a) (1997) ("Section 22").[4] As originally enacted, Section 22 included an

18   anti-removal clause providing that, although claims under the Securities Act were within federal

19   jurisdiction, they could not be removed from state court under 28 U.S.C. § 1441(b). Id.

20         In 1995, Congress passed the PSLRA to curb abuses in private securities lawsuits. In re

21   Silicon Graphics, Inc. Sec. Litig., 183 F.3d 970, 973 (9th Cir. 1999), abrogation in part on other

22   grounds recognized in South Ferry, LP, No. 2 v. Killinger, 542 F.3d 776, 784 (9th Cir. 2008).

---

23   [3]   The general "presumption against removal" would be relevant only if there were disputed
24         issues pertaining to removal jurisdiction that do not involve interpretation of SLUSA, which
            was specifically intended to expand federal jurisdiction and to limit state court jurisdiction
25         over covered class actions under the Securities Act. Because Plaintiff's Motion to Remand
            turns entirely on interpretation of SLUSA (for example, there are no issues as to diversity of
26         citizenship or timeliness of removal), there is no presumption against removal here.

27   [4]   For the convenience of the Court and for ease of reference, the text of the original version of
            Section 22, 15 U.S.C. § 77v(a) (1997); the current version of Section 22 as amended by
28         SLUSA, 15 U.S.C. § 77v(a) (2009); and a current version of Section 16 as amended by
            SLUSA, 15 U.S.C. § 77p (2009), are attached hereto as Exhibits 1-3 respectively.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

The PSLRA imposed stringent requirements upon private securities class actions, including procedures for federal court appointment of lead plaintiff and counsel and a mandatory stay of discovery during the pendency of any motion to dismiss.  See, e.g., 15 U.S.C. § 77z-1(a)-(b).

In 1998, Congress found that plaintiffs were circumventing the PSLRA in two ways. First, plaintiffs were filing class actions asserting state law securities claims.  See, e.g., S. Rep. No. 105-182, at 1 (1998) (SLUSA was designed to "limit the conduct of securities class actions under State law") (attached to the Declaration of Joseph E. Floren ("Floren Decl.") as Exhibit A (filed May 28, 2010)).

Second, Congress found that plaintiffs were filing securities class actions (including class actions under the Securities Act) in state rather than federal court.  Id. at 3; see also H.R. Conf. Rep. No. 105-803, at 14-15 (1998) ("[S]ince passage of the [PSLRA], plaintiffs' lawyers have sought to circumvent the [statute's] provisions by exploiting differences between Federal and State laws by filing frivolous and speculative lawsuits in State court, where essentially none of the [statute's] procedural or substantive protections against abusive suits are available.") (Floren Decl. Exhibit B).

Based on these findings, Congress enacted SLUSA in 1998 to, inter alia, end these practices of circumventing the PSLRA:

> [SLUSA] makes Federal court the exclusive venue for most securities class action lawsuits.  The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court.

H.R. Conf. Rep. No. 105-803, at 13; H.R. Rep. No. 105-640, at 8-9 (same).  Congress explained: "Under [SLUSA] . . . class actions relating to a 'covered security' . . . alleging fraud or manipulation must be maintained pursuant to the provisions of Federal securities law, in Federal court (subject to certain exceptions)."[5]  H.R. Rep. No. 105-640, at 9.  SLUSA includes

---

[5]    The exceptions—covered class actions that may still be brought in state court—include certain cases brought by states or subdivisions thereof, cases involving trust indentures, shareholder derivative actions, and cases brought under the law of an issuer's state of incorporation with respect to transactions exclusively with an issuer's existing equity security holders or certain communications from an issuer relative to shareholder voting rights.  See 15 U.S.C. § 77p(d), (f)(2)(B).  None of the exceptions applies to this action.

Congress's findings concerning the shift in securities class actions from federal to state court, plaintiffs' efforts to avoid the PSLRA, and Congress's intent to enact "national standards" for class actions such as this one, that involve nationally traded securities:

> (1) the [PSLRA] sought to prevent abuses in private securities fraud lawsuits;
>
> (2) since enactment of [the PSLRA], considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;
>
> (3) this shift has prevented [the PSLRA] from fully achieving its objectives; [and]
>
> . . .
>
> (5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [PSLRA], it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities

Pub. L. No. 105-353, § 2, 112 Stat. 3227 (1998) (Floren Decl. Exhibit C).

With these goals in mind, SLUSA amended the Securities Act in two ways relevant to Plaintiff's Motion to Remand. First, Congress provided federal courts with exclusive jurisdiction over "covered class actions" asserting claims for violations of the Securities Act. Second, Congress changed the bar on removal of cases filed in state court asserting Securities Act claims to permit the removal and preclusion of certain class actions.

On the jurisdictional issue, SLUSA amended the first sentence of Section 22(a) by eliminating state courts' concurrent jurisdiction over "covered class actions" asserting Securities Act claims. Section 22(a) formerly read:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction . . . concurrent with State and Territorial courts of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (1997). Section 22(a) was amended to read:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction . . . concurrent with State and Territorial courts, <u>except as provided in section 77p [Section 16] of this title with respect to covered class actions</u>, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

1   15 U.S.C. § 77v(a) (2009) (emphasis showing amendments).

2       Accordingly, the plain language of Section 22(a), as amended by SLUSA, eliminates state

3   court concurrent jurisdiction for "covered class actions," which are defined in Section 16.  A

4   "covered class action," as set forth in Section 16, includes "<u>any</u>" lawsuit in which (1) damages are

5   sought on behalf of at least fifty prospective class members, or by a named party on a

6   representative basis on behalf of similarly situated unnamed parties; and (2) common questions of

7   law or fact predominate over questions affecting only individual prospective class members.  15

8   U.S.C. § 77p(f)(2)(A).  The definition does not require that the lawsuit assert either state or

9   federal claims to qualify as a "covered class action."

10      As for removal, SLUSA amended the second sentence of Section 22 to eliminate the

11  former bar to removal of certain actions arising under the Securities Act.  Originally, Section 22

12  contained a removal bar that read:

13          No case arising under this subchapter and brought in any State court
            of competent jurisdiction shall be removed to any court of the
14          United States.

15  15 U.S.C. § 77v(a) (1997).  As amended by SLUSA, Section 22 now reads:

16          <u>Except as provided in section 77p(c) [Section 16] of this title</u>, no
            case arising under this subchapter and brought in any State court of
17          competent jurisdiction shall be removed to any court of the United
            States.
18

19  15 U.S.C. § 77v(a) (2009) (emphasis showing amendments).  Thus, SLUSA permits removal of

    cases asserting violations of the Securities Act that satisfy the criteria in Section 16.
20
        SLUSA also added subsections (b) through (f) of Section 16, 15 U.S.C. § 77p.  Section
21
    16(c) specifically authorizes "[r]emoval of covered class actions":
22

23          Any covered class action brought in any State court involving a
            covered security, as set forth in subsection (b), shall be removable
24          to the Federal district court for the district in which the action is
            pending, and shall be subject to subsection (b).

25  15 U.S.C. § 77p(c) (2009).  Section 16(b) provides for the preclusion of certain class actions:

26          No covered class action based upon the statutory or common law of
            any State or subdivision thereof may be maintained in any State or
27          Federal court by any private party alleging —

28          (1)  an untrue statement or omission of a material fact in connection

with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Id. § 77p(b).

The only sensible and internally consistent reading of SLUSA, and the only reading that is consistent with the express intent of Congress, is that Section 16(c) allows removal of covered class actions "involving a covered security," meaning actions that allege (i) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (ii) the use of a manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security, "as set forth in Section 16(b)." Section 16(c) does not limit removability solely to those state law actions that Section 16(b) prohibits from being maintained in any court, state or federal. Plaintiff's contrary argument would render the first sentence of Section 22 a nullity, would conflict directly with Congress's explicit intent, and would lead to the absurd result that state law claims are removable while federal law claims—as to which the federal courts have exclusive jurisdiction—are not.

## IV. THIS ACTION WAS PROPERLY REMOVED UNDER 28 U.S.C. § 1441 BECAUSE SLUSA GAVE FEDERAL COURTS EXCLUSIVE JURISDICTION OVER "COVERED CLASS ACTIONS" ALLEGING SECURITIES ACT CLAIMS

Because the first sentence of Section 22, as amended by SLUSA, confers on this Court exclusive jurisdiction over the Amended Complaint, defendants properly removed this case under 28 U.S.C. § 1441(b), which provides for removal where district courts have original jurisdiction.

As discussed above, SLUSA eliminated states' concurrent jurisdiction for "covered class actions" asserting claims for alleged violations of the Securities Act. The plain language of Section 22's first sentence now gives federal courts exclusive federal jurisdiction over "covered class actions" that are "brought to enforce any liability or duty created by" the Securities Act. 15 U.S.C. § 77v(a).

There is no question that this case is a "covered class action." A "covered class action" is one that seeks damages by named representatives on behalf of themselves and unnamed persons,

where questions of law or fact common to those persons predominate—without regard to whether the claims asserted are based on federal or state law (or both).  15 U.S.C. § 77p(f)(2).  The Amended Complaint is such an action, and it plainly seeks to enforce the Securities Act.

Because of the grant of exclusive federal jurisdiction in Section 22, multiple courts have concluded that putative class action complaints asserting violations of the Securities Act—like the Amended Complaint here—are properly removed to federal court:

> Plaintiff's Motion to Remand completely ignores the amendment to the first sentence of the SLUSA concerning jurisdiction.  In amending the first sentence of section 77v(a), Congress replaced concurrent jurisdiction with exclusive federal jurisdiction over "covered class actions . . . brought to enforce any liability or duty created by [the Securities Act]."  Thus, under the plain language of section 77v(a), there exists exclusive federal jurisdiction over claims which (i) are brought to enforce the rights and liabilities created by the Securities Act; and (ii) are covered class actions. Once the foregoing requirements are met, the case may be brought in federal court because it falls within the exception to concurrent jurisdiction set forth in section 77v(a).

Rovner v. Vonage Holdings Corp., No. 07-178, 2007 WL 446658, at *3 (D.N.J. Feb. 7, 2007); accord Knox v. Agria Corp., 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009) ("[T]he anti-removal provision does not apply to . . . covered class actions asserting federal claims" and "once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising [Securities] Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising [Securities] Act claims exclusively for federal courts."); In re Fannie Mae 2008 Sec. Litig., Nos. 08-7831, 09-1352, 2009 WL 4067266, at *1 (S.D.N.Y. Nov. 24, 2009) ("The emerging trend holds that SLUSA was designed to and does deprive State courts of jurisdiction over class actions alleging [Securities] Act claims.").[6]  Likewise, the Second Circuit has expressly recognized that SLUSA "expanded federal jurisdiction over class actions" by making "federal court the exclusive venue for class actions alleging fraud in the sale of certain securities."  WorldCom, Inc., 368 F.3d at 98.

---

[6]  See also Rubin v. Pixelplus Co., Ltd., No. 06-2964, 2007 WL 778485, at *5 (E.D.N.Y. Mar. 13, 2007) (same); Pinto v. Vonage Holdings Corp., No. 07-0062, 2007 WL 1381746, at *1-2 (D.N.J. May 7, 2007) (same); In re King Pharms., Inc. Sec. Litig., 230 F.R.D. 503, 505 (E.D. Tenn. 2004) (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Significantly, both state and federal courts have reached this well-reasoned conclusion.  In

2    a thorough analysis of these same issues, for example, Judge Emilie H. Elias of the Superior

3    Court of California, County of Los Angeles, concluded that the California state courts lacked

4    subject-matter jurisdiction over a putative class action that asserted claims under Sections 11,

5    12(a) and 15 of the Securities Act regarding allegedly false or misleading registration

6    statements—the very same claims that are at issue here.  See Luther v. Countrywide Fin. Corp.,

7    Case No. BC38069, slip op. at 9 (Cal. Super. Ct., L.A. County Jan. 6, 2010) (Floren Decl. Exhibit

8    D).  In dismissing the action, the Luther court noted the legislative policy underlying the

9    enactment of SLUSA and agreed with the reasoning in cases such as Rovner and Knox that

10   "Congress enacted SLUSA to make Federal court the exclusive venue for securities class

11   actions."  Id.  In addition, the court determined that Section 22 precludes state court jurisdiction

12   as long as the case meets the definition of a "covered class action," regardless of whether the

13   action concerns a "covered security."  See id. at 5-9.[7]

14   The state court's dismissal of Luther followed removal and remand of the action because

15   the Ninth Circuit found that defendants' asserted basis for removal, the Class Action Fairness Act

16   of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, 1711-1715, did not apply to that case.  See

17   Luther v. Countrywide Home Loans Servicing LP, 553 F.3d 1031 (9th Cir. 2008).  Although

18   defendants in Luther had not raised SLUSA as grounds for removal, the Ninth Circuit suggested

19   that a covered class action alleging solely Securities Act claims would be subject to removal

20   under SLUSA if it involved a "covered security."  Id. at 1033 n.1.  The Ninth Circuit did not

21   address the scope of removal jurisdiction under SLUSA, apparently because the parties believed

22   SLUSA to be inapplicable since the case involved mortgage-backed securities that are not

23   "covered securities."[8]  While Plaintiff tries to distinguish Luther by noting that the Ninth Circuit

24

25   [7]  Section 16(f) defines a covered security as one that "satisfies the standards for a covered
     security specified in paragraph (1) or (2) of section 18(b)."  15 U.S.C. § 77p(f)(3).  Paragraph

26   (1)(A) of Section 18(b) in turn provides, inter alia, that a covered security is a security that is
     "listed, or authorized for listing on the National Market System of the NASDAQ Stock

27   Market (or any successor to such entities)."  15 U.S.C. § 77r(b)(1)(A).

28   [8]  As noted infra, the state court in Luther determined that the presence of a "covered security"
     is not necessary to divest state courts of jurisdiction to hear Securities Act claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

did not "analyze the plain language or legislative history of SLUSA," Plaintiff admits that the only reason Luther did not address SLUSA was because that case did not involve a "covered security." Pl. Mem. at 11 n.3. This case, by contrast, plainly involves a "covered security." As Plaintiff specifically alleges, CardioNet stock was listed or authorized for listing on the Nasdaq Global Market (formerly known as the Nasdaq National Market System). See Am. Compl. ¶ 27. Plaintiff offers no basis in law or logic why the Ninth Circuit, if presented with this question, would not follow the analysis it suggested in Luther and hold that removal of Securities Act claims asserted in a covered class action is proper under SLUSA.

Plaintiff's Motion to Remand does not address the propriety of removal pursuant to SLUSA's amendment to the jurisdictional first sentence of Section 22. With few exceptions, the cases on which Plaintiff relies do not even consider the amended jurisdictional first sentence in Section 22 and, like Plaintiff does here, essentially render it a nullity.[9] Plaintiff relies on Unschuld, but even that court concluded that, to "give effect to all the terms of § 77v," the first sentence of Section 22 confers exclusive federal jurisdiction over "covered class actions" under the Securities Act. 2007 WL 2729011, at *7.

Because the plain language of the first sentence of Section 22 confers exclusive federal jurisdiction over the Amended Complaint—a "covered class action" seeking to enforce the Securities Act—Defendants properly removed it under 28 U.S.C. § 1441(b).

## V. THIS ACTION WAS PROPERLY REMOVED UNDER SLUSA'S REMOVAL PROVISIONS

Plaintiff nevertheless argues that removal is precluded based on its reading of SLUSA's two removal provisions in Sections 22 and 16. The Court should reject Plaintiff's arguments on this point as well. Read together, the only sensible interpretation of Sections 22 and 16 is that claims "arising under" the Securities Act may be removed to federal court.

---

[9] Plaintiff cites several opinions that avoid the jurisdiction issue by suggesting that state courts are divested of concurrent jurisdiction only with respect to complaints alleging both state and federal claims. See In re Tyco Int'l Multidistrict Litig., 322 F. Supp. 2d 116, 120 n.7 (D.N.H. 2004); Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp., 2005 U.S. Dist. LEXIS 14202, at *6 (C.D. Cal. June 28, 2005). As explained in more detail infra, however, the statute does not direct this result.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Plaintiff misreads SLUSA's removal provisions by looking solely at the second sentence of Section 22 and part of the introductory clause of Section 16(b). <u>See</u> Pl. Mem. at 5-6. The second sentence of Section 22 permits removal "as provided in" <u>Section 16(c)</u>; it does not limit removal to actions that are precluded by Section 16(b). Plaintiff then turns to Section 16(c), which states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable." 15 U.S.C. § 77p(c). Stopping there, the instant action is plainly removable. Recognizing this, Plaintiff focuses entirely on Section 16(c)'s phrase, "as set forth in subsection (b)," which Plaintiff asserts limits the class of cases that can be removed. Finally, Plaintiff turns to Section 16(b), which addresses preclusion of claims rather than removal, providing in part that "[n]o covered class action based upon the statutory or common law of any State . . . may be maintained in any State or Federal court by any private party alleging" material misstatements or manipulative devices or contrivances in connection with the purchase or sale of a covered security. Seizing upon the phrase "based upon the statutory or common law of any State," Plaintiff claims that Section 16(b) is intended to limit the cases that may be removed under Section 16(c) to those that allege state law claims. Plaintiff's approach ignores most of Section 16(b), including prongs (b)(1) and (b)(2), which describe the types of claims that are precluded (claims based on alleged untruth and manipulation in the sale of covered securities). In other words, Plaintiff reads Section 16(c)'s reference to actions "involving a covered security, as set forth in subsection (b)" as importing into Section 16(c) part of the prefatory phrase of Section 16(b), even though that phrase does not refer to covered securities. <u>See</u> Pl. Mem. at 5-6. The cases upon which Plaintiff relies use the same analysis. <u>See, e.g.</u>, <u>Tyco</u>, 322 F. Supp. 2d at 119-20; <u>Pipefitters</u>, 2005 U.S. Dist. LEXIS 14202, at *6; <u>Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.</u>, No. 03-0714, 2003 WL 23509312, at *2 (S.D. Cal. Aug. 27, 2003).

This interpretation is flawed, both on its own terms and, more importantly, in light of the other parts of the Securities Act that it ignores. First, Plaintiff's reading would render completely superfluous the removal provision in the second sentence of Section 22 ("<u>Except as provided in section 77p(c) [Section 16]</u> of this title, <u>no case arising under this subchapter</u> [the Securities Act]

and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). As Plaintiff concedes, the removal provisions of Sections 22 and 16 must be read together, and effect must be given to both of them. Pl. Mem. at 5. The removal provision in Section 22 bars removal of cases "arising under" the Securities Act, "except as provided in [Section 16(c)]." The statute thus provides that some actions "arising under" the Securities Act can be removed under Section 16(c). If, as Plaintiff contends, only those covered class actions that are "based upon the statutory or common law of any State" may be removed under Section 16(c), then Congress's amendment to the second sentence of Section 22 makes no sense whatsoever. Similarly, if Congress had intended to allow removal only of actions alleging state law claims, Congress would not have amended Section 22 at all, as the addition of Sections 16(c) and (b) (as interpreted by Plaintiff) would accomplish this purpose by themselves. The Rovner court noted this inconsistency:

> [S]ection 77v(a) [Section 22] . . . bars removal of cases "arising under" the Securities Act, "except as provided in section 77p(c) [Section 16(c)]" . . . . [F]or the "arising under" exception to have meaning, it must apply to some subset of cases that actually arise under the Securities Act. Under Plaintiff's interpretation of section 77p(c), the exception would only apply to claims arising under state law. This cannot be what Congress intended as state law claims do not "arise under" the Securities Act, but rather under state law. If Congress had indeed intended to limit the exception to non-removability to state law claims of the type described in section 77p(b), then that section read in conjunction with section 77p(c) accomplishes that purpose without any amendment to section 77v(a).

2007 WL 446658, at *4; see also Rubin, 2007 WL 778485, at *3; Brody v. Homestore, 240 F. Supp. 2d 1122, 1124 (C.D. Cal. 2003); Alkow v. TXU Corp., Nos. 02-2738, 02-2739, 2003 WL 21056750, at *1 (N.D. Tex. May 8, 2003); Kulinski v. Am. Elec. Power Co., C-2-03-412, 2003 WL 24032299, at *2, 4 (S.D. Ohio Sept. 19, 2003).

In a misguided attempt to harmonize Section 22 with its reading of Sections 16(b) and (c), Plaintiff offers an extremely strained reading of the second sentence of Section 22. Under Plaintiff's interpretation, SLUSA's authorization of removal for cases "arising under this subchapter" refers not to cases asserting Securities Act claims, but only to cases asserting both Securities Act claims and state claims. Pl. Mem. at 11-13. But Plaintiff cannot insert additional

words into the statute.  Nothing in SLUSA, much less Congress's expressed intent thereby to limit the litigation of securities class actions in state court, suggests that Section 22's phrase "arising under this subchapter" instead means "arising under this subchapter and under state law."[10]  Even some cases upon which Plaintiff relies reject this reading of the statute.  See Unschuld, 2007 WL 2729011, at *7; Hawaii Structural, 2003 WL 23509312, at *2.

Second, Plaintiff simply misreads Section 16(c)'s phrase "as set forth in subsection (b)."  That language does not incorporate as a condition for removal the phrase "based upon the statutory or common law of any State or subdivision."  Pl. Mem. at 5.  Rather, "as set forth in subsection (b)" follows and modifies the phrase "covered class action involving a covered security."  The reference to "subsection (b)" defines "involving a covered security," referencing and incorporating as a condition for removal the types of claims described in Section 16(b)(1) and (2) – specifically, securities claims alleging "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," and securities claims alleging "that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."  15 U.S.C. § 77p(b)(1), (2).  The court in Purowitz v. DreamWorks Animation SKG explained:

> [T]he words "as set forth in subsection (b)" appear to be shorthand not for the concept that such claims must be based on state law, but rather for the lengthier contents of subsections (b)(1) and (b)(2), which set forth the types of claims that are permissible as federal but not as state law claims.  Read this way, application of subsection (c) leads to the perfectly sensible outcome that federal claims of the type described in subsections (b)(1) and (b)(2) are removable to federal court, whereas state claims of the type prohibited in either state or federal court under subsection (b) are not.

---

[10]   Tyco applies the same strained reading to avoid the jurisdictional first sentence of Section 22.  According to the Tyco court, the first sentence divests state courts of concurrent jurisdiction only with respect to complaints alleging both state and federal claims.  322 F. Supp. 2d at 120 n.7; see also Pipefitters, 2005 U.S. Dist. LEXIS 14202, at *6-7 (same).  However, nothing in Section 22 supports a conclusion that the phrase "except as provided in section [16] with respect to covered class actions" actually means "except as provided in section [16] with respect to covered class actions that assert both federal and state law claims."

No. 05-6090, 2005 U.S. Dist. LEXIS 46911, at *6 (C.D. Cal. Nov. 15, 2005); see also Rubin, 2007 WL 778485, at *3; Lowinger v. Johnston, No. 3:05-316, 2005 WL 2592229, at *4 (W.D.N.C. Oct. 13, 2005); Alkow, 2003 WL 21056750, at *1.

Contrary to Plaintiff's argument, Pl. Mem. at 6-7, the Supreme Court's decision in Kircher v. Putnam Funds Trust, 547 U.S. 633 (2006), does not support its interpretation of the statute. Kircher did not involve removal of claims under the Securities Act; the complaint alleged solely state law claims for negligence and breach of fiduciary duty concerning defendants' alleged management of mutual funds.[11] Id. at 637. Thus, the Supreme Court did not address SLUSA removal of federal claims. Nor did it consider Section 22 of the Securities Act, for there were no claims alleged under the Securities Act in Kircher. Nonetheless, the Court's reasoning in Kircher further demonstrates that the phrase "as set forth in subsection (b)" in Section 16(c) does not limit removal to cases asserting only state law claims. In determining that a district court decision to remand the case had been jurisdictional in nature, such that appellate review was prohibited, the Supreme Court observed that the phrase "as set forth in subsection (b)" in Section 16(c) modifies the phrase "covered class action . . . involving a covered security." Id. at 642. The Court interpreted "as set forth in subsection (b)" as limiting removal by the substantive conditions found in Sections 16(b)(1) and (2) – not by the condition that a complaint assert a state law claim:

> [W]e read authorization for the removal in subsection (c) . . . as confined to cases "set forth in subsection (b)," . . . namely, those with claims of untruth, manipulation, and so on. The quoted phrase ["set forth in subsection (b)"] immediately follows the subsection (c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception.

---

[11] Kircher involved claims that defendants, which issued mutual fund shares held by plaintiffs, had been reckless or negligent in allowing "market timing" practices by some short-term traders to harm the interests of plaintiffs and other long-term holders of those mutual funds. Id. at 637 n.4. Plaintiffs in Kircher contended that their claims involved defendants' mismanagement, not fraud or manipulation, such that they were not the types of claims described in Section 16(b)(1) and (2) of which removal is allowed under Section 16(c); the Seventh Circuit disagreed and found that removal jurisdiction existed. Id. at 639 n.5. The Supreme Court held that the Seventh Circuit had lacked appellate jurisdiction to review the district court's remand decision, regardless of whether it was erroneous. Id. at 640.

Id.  Based on this analysis, the court in <u>Rubin</u> ruled that SLUSA removal of Securities Act complaints both "better harmonizes section 77p(c) [Section 16(c)] with section 77v(a) [Section 22]," and is "entirely consistent with the Supreme Court's reading of section 77p(c) in <u>Kircher</u>." 2007 WL 778485, at \*4.  As <u>Rubin</u> concluded, the better reading of the removal provision is that "removal is not limited to state law causes of action . . . but rather only to securities class actions that involve 'claims of untruth, manipulation and so on.'"  <u>Id.</u> (citing <u>Kircher</u>, 547 U.S. at 642).[12]

In sum, giving effect to SLUSA's amendments to Sections 22 and 16, the language of the statute provides that class action complaints asserting violations of the Securities Act may be removed under SLUSA, and Defendants' removal of this case was proper.

## VI.    SLUSA'S LEGISLATIVE HISTORY AS CONSTRUED BY NUMEROUS COURTS CONFIRMS THAT REMOVAL WAS PROPER

The foregoing analysis of Sections 22 and 16 of the Securities Act is also the only reading that is consistent with SLUSA' s legislative history.  See supra Part III.

As noted, SLUSA was enacted "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995."  Pub. L. No. 105-353 § 2; 144 Cong. Rec. H11019-01, H11020 (stating SLUSA was intended "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing in State, rather than in Federal, court") (Floren Decl. Exhibit E).  To achieve this goal, SLUSA amended the Securities Act to "make[] Federal court the exclusive venue for most securities class action lawsuits."  H.R. Conf. Rep. 105-803, at 13; <u>WorldCom, Inc.</u>, 368 F.3d at 98 ("SLUSA, which made federal court the exclusive

---

[12]  The only other case Defendants have found addressing <u>Kircher</u> in any detail in the context of SLUSA removal of actions alleging only Securities Act claims is <u>Unschuld</u>.  Most of that court's analysis supports removal.  <u>See</u> 2007 WL 2729011, at \*7-9.  However, the <u>Unschuld</u> court misread what it characterized as <u>Kircher</u>'s "dicta" that "removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)."  <u>Id.</u> at \*10 (citing <u>Kircher</u>, 547 U.S. at 643).  <u>Unschuld</u> wrongly interpreted the reference "as provided in subsection (b)" to apply to the phrase "based upon the statutory or common law of any State."  <u>Kircher</u> and <u>Rubin</u> clarify that Section 16(c) refers to provisions (1) and (2) of subsection (b), which define how the case must "involve" covered securities – there must be "claims of untruth, manipulation, and so on" in connection with the purchase or sale of such securities.  <u>Kircher</u>, 547 U.S. at 642.

1    venue for class actions alleging fraud in the sale of certain securities, closed this loophole in the

2    PSLRA, and expanded federal jurisdiction over class actions.").

3          Numerous court decisions confirm that Congress enacted SLUSA in an effort to channel

4    securities class actions to federal court.  For example, in <u>Merrill Lynch, Pierce, Fenner & Smith,</u>

5    <u>Inc. v. Dabit</u>, the Supreme Court observed that "[t]o stem this 'shif[t] from Federal to State

6    courts' and . . . frustrat[ion of] the objectives of the [PSLRA], Congress enacted SLUSA."  547

7    U.S. 71, 82 (2006).  The Supreme Court further noted that SLUSA was meant to curb "state court

8    litigation of class actions involving nationally traded securities" – the very type of case presented

9    here.  <u>Id.</u> at 82.  Likewise, the Ninth Circuit has made clear that SLUSA was intended to render

10   federal court the exclusive forum for securities class actions:

11          Under SLUSA, federal court is the exclusive venue for fraud claims
            "in connection with the purchase or sale of a covered security" and
12          the statute itself specifically provides for removal of such claims to
            federal court. The statute was originally enacted in 1998 because
13          heightened pleading requirements in federal securities cases caused
            a pilgrimage of securities claims to state courts, thus circumventing
14          congressional reforms designed to restrict federal securities claims.

15   <u>Falkowski</u>, 309 F.3d at 1128; <u>see also</u> <u>Patenaude</u>, 290 F.3d at 1025 (noting that federal court is

16   the exclusive venue for securities class actions).  In addition, many district courts have found that

17   in enacting SLUSA, Congress intended to, among other things, ensure that federal courts were the

18   exclusive venue for class action litigation regarding federal securities laws.  <u>See, e.g.</u>, <u>Rubin</u>,

19   2007 WL 778485, at *2; <u>Pinto</u>, 2007 WL 1381746, at *2; <u>Rovner</u>, 2007 WL 446658, at *5;

20   <u>Lowinger</u>, 2005 WL 2592229, at *3; <u>Purowitz</u>, 2005 U.S. Dist. LEXIS 46911, at *7; <u>King</u>

21   <u>Pharms.</u>, 230 F.R.D. at 505; <u>Kulinski</u>, 2003 WL 24032299, at *4; <u>Alkow</u>, 2003 WL 21056750, at

22   *2; <u>Brody</u>, 240 F. Supp. 2d at 1124.  Even district court cases relied on by Plaintiff recognize that

23   Congress's intent in passing SLUSA was to ensure that federal courts were the exclusive venue

24   for securities class actions.  <u>See</u> <u>In re Waste Mgmt., Inc. Sec. Litig.</u>, 194 F. Supp. 2d 590, 592

25   (S.D. Tex. 2002); <u>Martin v. Bellsouth Corp.</u>, slip op. at 5 (N.D. Ga. July 3, 2003) (Declaration of

26   Arthur L. Shingler III, filed April 23, 2010, Exhibit E).

27          Plaintiff's proposed interpretation of Section 16(c), however, would utterly defeat the clear

28   congressional purpose in cases such as this one.  As one commentator has observed, "if [Section

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16(c)]'s removal authority extends only to state claims – those which are immediately precluded by [Section 16](b) – plaintiffs would have no incentive to include such claims" in any securities class actions filed in state court.  William B. Snyder Jr., Comment, <u>The Securities Act of 1933 After SLUSA: Federal Class Actions Belong In Federal Court</u>, 85 N.C. L. Rev. 669, 685 (2007).  Instead, Plaintiffs could paradoxically avoid federal court by omitting state claims – or dropping them from a case as Plaintiff did here – and instead suing only on federal claims, allowing them to "choose the forum [state or federal court] with impunity."  <u>Id.</u>  SLUSA was intended to prevent this result, not to promote it.

Perhaps the most problematic aspect of Plaintiff's proposed interpretation of SLUSA is the bizarre result that it would achieve.  According to Plaintiff, federal courts, which have exclusive jurisdiction over certain class actions, may hear federal claims in those class actions only if they are accompanied by state law claims that must be immediately dismissed because they are precluded by Section 16(b).  Numerous courts have found that this anomalous and "absurd result" would undermine the "principal purpose of SLUSA, which was to stop 'state court litigation of class actions involving nationally traded securities.'"  <u>Rubin</u>, 2007 WL 778485, at *5 (quoting <u>Dabit</u>, 547 U.S. at 82); <u>see also</u> <u>Brody</u>, 240 F. Supp. 2d at 1124; <u>Pinto</u>, 2007 WL 1381746, at *2; <u>Rovner</u>, 2007 WL 446658, at *5; <u>Alkow</u>, 2003 WL 21056750, at *2.  It defies common sense to argue that a federal court cannot consider a removed securities class action alleging violation of federal law unless a state claim, which is necessarily precluded, is also asserted.  Contrary to Plaintiff's argument, it is not necessary that an action allege state law claims to confer jurisdiction on a federal court to hear federal claims.  <u>See</u> <u>Purowitz</u>, 2005 U.S. Dist. LEXIS 46911, at *5 (noting "bizarre" and "anomalous" outcome from plaintiff's reading of Section 16(c)).

## VII.    CAFA'S REMOVAL PROVISIONS ARE NOT AT ISSUE IN THIS MATTER

Plaintiff spends three pages of its brief arguing against a basis for removal that Defendants never raised.  In their Notice of Removal, Defendants pointed out that "[i]n adopting CAFA, Congress recognized that it was <u>unnecessary</u> to provide for the removal of 'covered class actions' involving 'covered securities' under the Securities Act, because the removability of such actions

had already been established under SLUSA." Notice of Removal ¶ 16 (<u>citing</u> <u>Estate of Pew v. Cardarelli</u>, 527 F.3d 25, 32 (2d Cir. 2008)). Defendants' reference to CAFA recognized that CAFA does <u>not</u> encompass putative class actions involving "covered securities," such as this case. Congress did not need to include provisions in CAFA for putative class actions involving alleged fraud in the purchase or sale of covered securities because SLUSA already provides for removal of such claims. Plaintiff's arguments regarding the inapplicability of CAFA are therefore not relevant.[13]

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated:    May 28, 2010                    MORGAN, LEWIS & BOCKIUS LLP

                                          By:    */s/ Joseph E. Floren*
                                                 Joseph E. Floren

                                          *Attorneys for CardioNet Defendants*

Dated:    May 28, 2010                    GIBSON DUNN & CRUTCHER LLP

                                          By:    */s/ Dean J. Kitchens*

                                          Dean J. Kitchens, State Bar No. 82096
                                          Theane Evangelis Kapur, State Bar No. 243570
                                          333 South Grand Avenue
                                          Los Angeles, CA 90071-3197
                                          Tel. 213.229.7726
                                          Fax 213.229.6726

                                          *Attorneys for Defendants Barclays Capital Inc.,*
                                          *Citigroup Global Markets Inc., Leerink Swann*
                                          *LLC, Thomas Weisel Partners LLC, Banc of*
                                          *America Securities LLC and Cowen and*
                                          *Company, LLC*

---

[13]  Plaintiff cites <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031, in support of its argument that the case is not removable under CAFA. <u>See</u> Pl. Mem. at 16-17. However, given that Defendants did not remove this action pursuant to CAFA, <u>Luther</u>'s conclusion regarding the applicability of CAFA to cases involving securities has no application here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

1
2
## SIGNATURE CERTIFICATION
3
Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and
4
Procedures Manual, I hereby certify that the content of this document is acceptable to Dean
5
Kitchens, counsel for Barclays Capital Inc. (erroneously named as Barclay's Capital, Inc.),
6
Citigroup Global Markets Inc., Leerink Swann LLC, Thomas Weisel Partners LLC, Banc of
7
America Securities LLC and Cowen and Company, LLC (erroneously named as Cowen and
8
Company), and that I have obtained Mr. Kitchens's authorization to affix his electronic signature
9
to this document.
10
Dated:     May 28, 2010                         By:        _/s/ Joseph E.Floren_
                                                                    Joseph E. Floren
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# INDEX OF EXHIBITS
# TO

# DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

| | |
|---|---|
| Index of Exhibits | Page 24 |
| Exhibit I | Pages 25 -28 |
| Exhibit 2 | Pages 29- 32 |
| Exhibit 3 | Pages 33-37 |

DB2/21733371.1