SCOTT+SCOTT LLP
ARTHUR L. SHINGLER III (181719)
MARY K. BLASY (211262)
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)
ashingler@scott-scott.com
mblasy@scott-scott.com
  – and –
DAVID R. SCOTT
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860/537-3818
860/537-4432 (fax)
drscott@scott-scott.com

*Attorneys for Plaintiff West Palm Beach
Police Pension Fund*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST PALM BEACH POLICE PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CARDIONET, INC., ARIE COHEN, JAMES M. SWEENEY, MARTIN P. GALVAN, FRED MIDDLETON, WOODROW MYERS JR., M.D., ERIC N. PRYSTOWSKY, M.D., HARRY T. REIN, ROBERT J. RUBIN, M.D., RANDY H. THURMAN, BARCLAY'S CAPITAL, INC., CITIGROUP GLOBAL MARKETS INC., LEERINK SWANN LLC, THOMAS WEISEL PARTNERS LLC, BANC OF AMERICA SECURITIES LLC and COWEN AND COMPANY,<br><br>                    Defendants. | Civil Action No.: 3:10-cv-00711-L-NLS<br><br>**PLAINTIFF'S MEMORANDUM AND POINTS OF AUTHORITY IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER THE ACTION TO THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1404(a)** |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS AND ALLEGATIONS.................................... 2

III.  ARGUMENT ...................................................................................... 3

    A.   The Court Should Decide the Remand Motion Before the Transfer Motion ......... 3

        1.   Jurisdiction is a Preliminary Matter that should be Resolved First ........... 3

        2.   The Ninth Circuit Three-Step Methodology Confirms That Plaintiff's ...... 7

    B.   Legal Standard for Transfer Under § 1404(a).................................... 8

    C.   The Court Should Not Transfer this Action.................................... 8

        1.   The Convenience of the Parties Does Not Warrant Transfer .................. 8

        2.   The Convenience of the Witnesses Does Not Warrant Transfer ............... 9

        3.   The Interest of Justice Does Not Warrant Transfer ................................ 10

           a.   The Defendants Are Merely Shifting the Burden of Litigation from One Forum to Another Rather than Eliminating It..................... 10

           b.   Pennsylvania Has no Greater Interest in This Litigation than California .................................................................................... 11

           c.   Plaintiff's Choice of Forum is Entitled to Deference .................. 12

           d.   The Location of the Documents Does Not Warrant Transfer....... 13

           e.   Whether Certain Third Parties May Not Show Up for Trial Absent Compulsory Process is Purely Speculative at this Time, and Therefore, Does Not Support Transfer ......................................... 13

IV.  CONCLUSION................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,*
54 F. Supp. 2d 1042 (D. Kan. 1999) ....................................................................6

*Alvarez v. Limited Express, LLC,*
2007 WL 2317125, No. 07-cv-10510-IEG-NLS (S.D. Cal. 2007) ....................4, 5

*Anderson v. Merck & Co.,*
417 F. Supp. 2d 842 (E.D. Ky. 2006) ...................................................................6

*AUSA Life Ins. Co. v. Citigroup, Inc.,*
293 B.R. 471 (N.D. Iowa 2003) ...........................................................................5

*Boateng v. Gen. Dynamics Corp.,*
460 F. Supp. 2d 270 (D. Mass. 2006) .................................................................13

*Campus v. Holiday Isle, LLC,*
2007 No. 07-00275 (N.D. Fla. Nov. 20, 2007) .....................................................5

*Carden v. Bridgestone/Firestone, Inc.,*
2000 WL 33520302 (S.D. Fla. Oct. 17, 2000) ......................................................6

*Coady v. Ashcraft & Gerel,*
996 F. Supp. 95 (D. Mass. 1998) ..........................................................................9

*Conroy v. Fresh Del Monte Prioduce, Inc.,*
325 F.Supp.2d 1049 (N.D. Cal. 2004) ...............................................................4, 7

*Cordle v. Merck & Co.,*
405 F. Supp. 2d 800 (E.D. Ky. 2005) ...................................................................6

*Culebra II, LLC v. River Cruises & Anticipation Yachts, LLC,*
No. 07-13-P-H, 2007 WL 1657426 (D. Me. June 4, 2007) ................................13

*Decker Coal Co. v. Commonwealth Edison Co.,*
805 F.2d 834 (9th Cir. 1986) ................................................................................8

*Falconwood Fin. Corp. v. Griffin,*
838 F. Supp. 836 (S.D.N.Y. 1993) ........................................................................9

*Go Computer, Inc. v. Microsoft Corp.,*
2005 WL 3113068 (N.D. Cal. Nov. 21, 2005) ......................................................6

ii

*Good v. Prudential Ins. Co. of Am.*,
    5 F. Supp. 2d 804 (N.D. Cal. 1998) ...................................................................5

*Joe Comes & Riley Paint, Inc. v. Microsoft Corp.*,
    403 F. Supp. 2d 897 (S.D. Iowa 2005) ...............................................................6

*Johnson v. Am. Online, Inc.*,
    2002 WL 1268397 (N.D. Cal. Mar. 21, 2002).....................................................5

*Kohl Am. Home Prods. Corp.*,
    78 F. Supp. 2d 885, 888 (W.D. Ark. 1999).........................................................6

*Laumann Mfg. Corp. v. Castings USA, Inc.*,
    913 F. Supp. 712 (E.D.N.Y. 1996) .....................................................................9

*Leeson v. Merck & Co.*,
    2006 WL 3230047 (E.D. Cal. Jan. 27, 2006) ......................................................3

*Lloyd v. Abell Huntington Hosp.*,
    Inc., 58 F. Supp. 2d 694 (S.D. W. Va. 1999) ......................................................6

*Lowdermilk v. U.S. Bank Nat'l Ass'n*,
    479 F.3d 994 (9th Cir. 2007) ..............................................................................3

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) .........................................................................1, 7

*McEvily v. Sunbeam-Oster Co., Inc.*,
    878 F. Supp. 337 (D.R.I. 1994)..........................................................................14

*Moses v. Business Card Express, Inc.*,
    929 F.2d 1131 (6th Cir. 1991), cert. denied, 502 U.S. 821 (1991) .........................14

*N. Acceptance Trust 1065 v. Gray*,
    423 F.2d 653 (9th Cir. 1970) ..............................................................................8

*Pa. v. Top Pharm. Prods., Inc.*,
    415 F. Supp. 2d 516 (E.D. Pa. 2005) ..................................................................6

*Parsons v. Chesapeake & Ohio Ry. Co.*,
    375 U.S. 71 (1963)..............................................................................................8

*Pennwalt Corp. v. Purex Indus., Inc.*,
    659 F. Supp. 287 (D. Del. 1986)........................................................................13

iii

*Pilates, Inc. v. Pilates Inst., Inc.*,
   891 F. Supp. 175 (S.D.N.Y. 1995) .................................................................9, 10

*Proctor v. Vishay Intertechnology, Inc.*,
   584 F.3d 1208 (9th Cir. 2009) ........................................................................1, 7

*Scheidt v. Klein*,
   956 F.2d 963 (10th Cir. 1992) ............................................................................9

*Sigros v. Walt Disney World Co.*,
   129 F. Supp. 2d 56 (D. Mass. 2001) ...............................................................8, 10

*Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*,
   549 U.S. 422, 127 S.Ct. 1184 (2007) ..................................................................6

*Smith v. Mail Boxes Etc.*,
   191 F. Supp. 2d 1155 (E.D. Cal. 2002) ...............................................................5

*Sparling v. Hoffman Constr. Co.*,
   864 F.2d 635 (9th Cir. 1988) ..............................................................................8

*Stahl v. Stahl*,
   2003 WL 22595288 (S.D.N.Y. Nov. 6, 2003) ......................................................5

*Stern v. Mut. Life Ins. Co of NY.*,
   968 F. Supp. 637, 639 (N.D. Ala. 1997) ..............................................................6

*Tortola Rests., L.P. v. Kimberly-Clark, Corp.*,
   987 F. Supp. 1186 (N.D. Cal. 1997) ....................................................................4

*Utah v. Eli Lilly and Co.*,
   509 F. Supp. 2d 1016 (D. Utah 2007) ..................................................................3

*Villarreal v. Chrysler Corp.*,
   1996 WL 116832 (N.D. Cal. Mar. 11, 1996) ........................................................4

STATUTES, RULES AND REGULATIONS

15 U.S.C.
   § 77v(a) ..............................................................................................................7
   § 78u-4(b)(1)-(2) ..............................................................................................12

28 U.S.C.
   §1404 ..................................................................................................................8
   § 1404(a) ............................................................................................................8

iv

Fed.R.Civ. P.

Rule 6(c)(2)(L)..........................................................................................................14

Rule 8...........................................................................................................................12

# I.    INTRODUCTION

On March 10, 2010, Plaintiff West Palm Beach Police Pension Fund ("West Palm") filed its Amended Complaint for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "1933 Act") in California State Superior Court.   West Palm filed in state court pursuant to the statutory rights, provided by the 1933 Act, which have existed for over 75 years. The right to prosecute claims arising under the 1933 Act in state court has survived various Congressional enactments relating to the securities laws, including the Securities Litigation Uniform Standards Act ("SLUSA") and the Class Action Fairness Act of 2005 ("CAFA"). Recent Ninth Circuit precedent, including *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031 (9th Cir. 2008) (CAFA does not amend 1933 Act's anti-removal bar) and *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208 (9th Cir. 2009) (threshold requirement for SLUSA removal is that claim must be based upon the statutory or common law of a state), affirms the right to prosecute 1933 Act claims in state court.

In disregard of West Palm's statutory rights to proceed in state court, Defendants improperly removed this case.  Shortly after removal, Defendants filed a motion to transfer this case to the Eastern District of Pennsylvania.  Defendants ask this Court to decide the transfer motion before addressing West Palm's remand motion.

Defendants' desire to have the Court decide the transfer motion first is obvious.  This Court lacks subject matter jurisdiction over this case.  Thus, Defendants hope to escape Ninth Circuit law and thwart West Palm's longstanding statutory rights to proceed under the 1933 Act in state court, by transfer to the Third Circuit, where, in Defendants' view, the law on remand is less settled.

This Court should not countenance Defendants' actions.  This Court should grant West Palm's remand motion before deciding Defendants' transfer motion, and send this case back to California Superior Court where West Palm has the statutory right to prosecute its claims.

1

1    Even if this Court were to decide the issue of transfer before deciding remand, the Court

2    should deny Defendants' transfer motion.  The 1933 Act provides that venue is proper where the

3    defendant transacts business or where the offer or sale took place.  Defendant CardioNet was

4    headquartered in San Diego, California, at the time of its initial public offering, which forms the

5    basis of West Palm's claims, and continues to maintain FDA-licensed manufacturing facilities

6    within this District.  Moreover, this case is not sufficiently related to the Pennsylvania action to

7    warrant transfer.  This case involves a different relevant time period, different class of investors,

8    and different claims against mostly different defendants, all requiring different – not overlapping

9    – discovery.  Accordingly, the convenience of the parties and witnesses, and the interests of

10   justice do not trump West Palm's choice of forum, and this Court should deny transfer.

11   ## II.    STATEMENT OF FACTS AND ALLEGATIONS

12   On March 25, 2008, Defendant CardioNet, Inc. conducted its Initial Public Offering

13   ("IPO").   (¶1).[1]   CardioNet conducted its IPO through a Registration Statement declared

14   effective by the Securities and Exchange Commission ("SEC") on March 18, 2008.  (¶64).  Each

15   of the "Individual Defendants" signed the IPO Registration Statement, except Defendant

16   Thurman.  (¶¶36-43).  At the time of the IPO, CardioNet maintained its headquarters in San

17   Diego, California.  (¶35).

18   On August 6, 2008, CardioNet conducted another stock offering (the "Secondary

19   Offering").   (¶72).   By the time of the Secondary Offering, CardioNet had moved its

20   headquarters to Pennsylvania.   Nevertheless, CardioNet continues to maintain substantial

21   operations here in San Diego County, California.  (¶32).  Indeed, according to CardioNet's 2009

22   Annual Financial Report on Form 10-K filed with the SEC on February 23, 2010, CardioNet has

23

24   [1] All "¶" and "¶¶" references are to the First Amended Class Action Complaint for Violations of
the Securities Act of 1933 filed in Superior Court of the State of California Case No. 37-2010-
25   00086836-CU-SL-CTL on March 10, 2010 (the "Complaint"), filed as attachments 1 and 2 to
Defendants' removal petition on April 5, 2010.  [*See* Dkt. No. 1].

26                                                         2

27

"been FDA-registered in San Diego since December 2001 and a California-licensed medical device manufacturer since March 2002."

West Palm alleges CardioNet's Registration Statements pursuant to which it conducted its IPO and Secondary Offering contained materially false and misleading statements. (¶¶64-80). West Palm alleges the Registration Statements were materially false and misleading at the time of the IPO and Secondary Offering, March 25, 2008 and August 6, 2008, respectively. (*Id*.). As a result, Defendants are liable to Plaintiff and its fellow class members under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), 77o. (¶31, 87-106).

On August 26, 2009, a federal securities fraud class action was filed in the U.S. District Court for the District of Pennsylvania alleging violations of §10(b) of the Securities and Exchange of 1934 on behalf of the open-market purchasers of CardioNet's common stock **between April 30, 2009 and June 30, 2009** (the "Pennsylvania Action"). (*See* Notice of Removal, Ex. C). Thus, the class period for the Pennsylvania Action begins over eight months after the Secondary Offering. Moreover, the Pennsylvania Action names as Defendants CardioNet, Thurman, and Galvan. In contrast, this action names an additional 13 Defendants not named in the Pennsylvania Action.

## III. ARGUMENT

### A. The Court Should Decide the Remand Motion Before the Transfer Motion

#### 1. Jurisdiction is a Preliminary Matter that should be Resolved First

Federal courts are courts of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see also Utah v. Eli Lilly and Co.*, 509 F. Supp. 2d 1016, 1019 (D. Utah 2007) (quoting Wright and Miller, 13 Federal Practice and Procedure § 3522). "Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co.*, 2006 WL 3230047, at *2 (E.D. Cal. Jan. 27, 2006); *see also Villarreal v.*

*Chrysler Corp.*, 1996 WL 116832 (N.D. Cal. Mar. 11, 1996) ("Judicial economy will best be served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum."). The judicial economy of the federal courts is best served by addressing issues of jurisdiction promptly, so that cases may be removed from federal court quickly if there is no basis for holding onto the case. *See Conroy*, 325 F. Supp. 2d at 1054. *See also* Manual for Complex Litigation § 20.132, at 221-22 (4th ed. 2004) (approving of the resolution of motions to remand prior to the MDL Panel's conclusive decision regarding transfer).

Numerous courts faced with competing motions to remand and motions to stay have denied motions to stay while a motion to remand was pending. For example, in *Alvarez v. Limited Express, LLC*, 2007 WL 2317125, No. 07-cv-10510-IEG-NLS (S.D. Cal. 2007) plaintiff Alvarez filed an employment class action against the Limited Express stores in state court for meal and rest break violations. Defendant removed under CAFA, and Plaintiff filed a motion for remand. Defendant then moved to transfer the case to the Central District of California. *Id.* Chief Judge Gonzalez *first considered and granted Plaintiff's motion to remand before considering Defendant's motion to transfer*, holding: "[b]ecause the Court lacks jurisdiction, the Court denies as moot defendant's motion to stay and transfer the action." *Id.* at *5.

Similarly, in *Tortola Restaurant,* Plaintiff in an MDL action moved to remand, and Defendant moved to stay and transfer. The court decided the remand motion first, reasoning:

> This Court, as transferor Court, "*retains exclusive jurisdiction* until the § 1407 transfer becomes effective and as such, *motions to remand should be resolved before the panel acts on the motion to transfer*." Accordingly, defendants' motion for stay of proceedings pending a decision by the Panel is hereby DENIED, and the Court addresses the merits of plaintiff's remand motion.

*Tortola Rests., L.P. v. Kimberly-Clark, Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (emphasis added) (citations omitted).

4

In *AUSA Life Ins. Co. v. Citigroup, Inc.*, 293 B.R. 471, 479 (N.D. Iowa 2003), plaintiff insurance companies and investment funds that purchased Enron stock sued defendants, banks and underwriters in state court alleging violations of state law in connection with the marketing and sale of the securities. Defendants removed the case to federal court asserting bankruptcy jurisdiction. Plaintiffs moved to remand, and Defendants moved to transfer to the Southern District of New York.

In analyzing which motion to consider first, the *AUSA* court concluded "in accord with the majority view that jurisdictional issues should be considered first, it will consider plaintiffs' motion for remand before considering defendants' transfer motion." *Id.* at 474. The court granted plaintiffs' motion for remand and remanded the action for all further proceedings. *Id.* at 476. *See also Campus v. Holiday Isle, LLC*, 2007 No. 07-00275 (N.D. Fla. Nov. 20, 2007) (following removal of state action asserting two claims under the Interstate Land Sales Full Disclosure Act and one for breach of contract, court ruled it must first consider plaintiff's motion to remand and could not consider defendant's motion to transfer because plaintiff's complaint and relevant case law showed remand was required); *Stahl v. Stahl*, 2003 WL 22595288 (S.D.N.Y. Nov. 6, 2003) ("[w]hen presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand.").

Indeed, it has become the general practice within the Ninth Circuit for courts to rule on motions to remand before deciding motions to transfer. *See, e.g., Alvarez,* 2007 WL 2317125 at *5 (granting plaintiff's motion to remand before considering defendant's motion to transfer); *Johnson v. Am. Online, Inc.*, 2002 WL 1268397 (N.D. Cal. Mar. 21, 2002); *Smith v. Mail Boxes Etc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002) (when jurisdictional issues are in dispute, plaintiff's motion to remand should be resolved first); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998) (considering jurisdictional issues in remand motion first, then granting

5

stay pending MDL transfer); *Villarreal*, 1996 116832, (addressing remand issue first in interest of judicial economy).

Numerous additional courts are in accord, finding that jurisdictional issues should be resolved first. *See Go Computer, Inc. v. Microsoft Corp.*, 2005 WL 3113068 (N.D. Cal. Nov. 21, 2005) (addressing remand first and granting motion); *Anderson v. Merck & Co.*, 417 F. Supp. 2d 842, 844 n.2 (E.D. Ky. 2006) (ruling on motion to remand before transfer); *Lloyd v. Abell Huntington Hosp.*, Inc., 58 F. Supp. 2d 694, 696 (S.D. W. Va. 1999) ("[t]his Court cannot, however, stay proceedings in an action over which it lacks jurisdiction"); *Stern v. Mut. Life Ins. Co of NY.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997) ("[i]f the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay"); *Kohl Am. Home Prods. Corp.*, 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (denying motion to stay because "the court believe[d] the best course is to decide the motion to remand"); *Carden v. Bridgestone/Firestone, Inc.*, 2000 WL 33520302, at *1, (S.D. Fla. Oct. 17, 2000) (court elected to hear motion for remand and denied motion to stay as moot); *Pa. v. Top Pharm. Prods., Inc.*, 415 F. Supp. 2d 516 (E.D. Pa. 2005); *Cordle v. Merck & Co.*, 405 F. Supp. 2d 800, n.4 (E.D. Ky. 2005); *Joe Comes & Riley Paint, Inc. v. Microsoft Corp.*, 403 F. Supp. 2d 897, 904 (S.D. Iowa 2005); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047 (D. Kan. 1999) (first deciding and granting motion to remand, reasoning that jurisdiction should be determined before considering motion to stay).

*Sinochem Int'l Co. Ltd. V. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) does not require this Court to decide the transfer motion before the remand motion. In *Sinochem*, the Supreme Court explained, "where the subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh **heavily** in favor of dismissal, the court properly takes the less burdensome course." (Emphasis added). In this case, the less

6

burdensome course is to remand this action to state court, because Ninth Circuit law on removal of 1933 Act claims is clear.

In sum, jurisdiction is a threshold issue this Court should resolve prior to determining the appropriateness of other motions, including motions to transfer.  When faced with motions challenging jurisdiction and other competing motions, courts within the Ninth Circuit routinely decide the threshold issue of jurisdiction first.  Here, Plaintiff's Motion to Remand establishes that removal of this action was improper under Ninth Circuit law. Therefore, remand is appropriate, rendering moot Defendants' Motion to Transfer.

### 2.    The Ninth Circuit Three-Step Methodology Confirms That Plaintiff's Remand Motion Should Be Decided First

Courts within the Ninth Circuit utlize a three-step methodology for addressing competing motions for remand and motions to transfer.  *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp.2d 1049, 1053, 1054 (N.D. Cal. 2004).   Under the three-step methodology, if "preliminary scrutiny" of the motion to remand suggests that removal was improper, consideration of the pending motion to remand is promptly completed and remand ordered if the removal was improper.

Here, "preliminary scrutiny" of Plaintiff's Motion to Remand clearly suggests that removal was improper, as the 1933 Act explicitly permits Section 11 cases to be brought in state court and prohibits removal.  15 U.S.C. § 77v(a) (providing for concurrent state and federal court jurisdiction and stating that "no case arising under the [1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States").   Furthermore, recent Ninth Circuit law affirms the right to prosecute actions alleging only Section 11 claims in state court.  *See*, *e.g.*, *Proctor*, 584 F.3d at 1221 (threshold requirement for SLUSA removal is that claim must be based upon the statutory or common law of a state); *Luther*, 533 F.3d at 1031 (CAFA does not amend the 1933 Act's anti-removal bar).   Full consideration of Plaintiff's

7

1  remand motion confirms this "preliminary scrutiny."  Because Defendants' removal of this

2  action was improper under controlling Ninth Circuit law, the Court should be adjudicated

3  Plaintiff's remand motion before considering Defendants' Motion to Transfer.

### B.  Legal Standard for Transfer Under § 1404(a)

5  The decision to transfer a case pursuant to § 1404(a) is within the discretion of the district

6  court where the case was originally filed.  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635,

7  639 (9th Cir. 1988) (decision to transfer under §1404 reviewed for abuse of discretion).  In the

8  Ninth Circuit, ordinarily the plaintiff's choice of forum is entitled to "substantial weight."  *N.*

9  *Acceptance Trust 1065 v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970).  Other relevant factors

10 include the convenience of the parties and witnesses, the availability of documents and the

11 interests of justice, including docket congestion.  *See Parsons v. Chesapeake & Ohio Ry. Co.*,

12 375 U.S. 71 (1963).  Once the court determines that venue is proper, the movant must present

13 strong grounds for transferring the action, otherwise, the plaintiff's choice of venue will not be

14 disturbed.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

15 Moreover, the presumption in favor of a plaintiff's choice of forum renders transfer inappropriate

16 where its effect is merely to shift the burden of litigating from one forum to another.  *Sigros v.*

17 *Walt Disney World Co.*, 129 F. Supp. 2d 56, 71 (D. Mass. 2001).

### C.  The Court Should Not Transfer this Action

#### 1.  The Convenience of the Parties Does Not Warrant Transfer

20 Defendants assert that the convenience of the parties supports transfer to the Eastern

21 District of Pennsylvania pursuant to § 1404(a) because four of the Defendants are located in

22 Pennsylvania while other Defendants are located closer to Pennsylvania than California.  In

23 practice, the actual location of litigation has little impact on the parties' convenience, excepting

24 trial, which the vast majority of civil cases never see.  Discovery is routinely conducted in the

25 location of the documents, or in the case of depositions, the location of the witness.  Assuming

8

this case proceeds to discovery, West Palm fully expects to conduct discovery and deposition in numerous states regardless of whether this action is pending in this Court or in the Eastern District of Pennsylvania.  Accordingly, the convenience of the parties does not strongly warrant transfer.

**2.     The Convenience of the Witnesses Does Not Warrant Transfer**

"To meet [the] burden of demonstrating that transfer is in the convenience of the witnesses, the party seeking transfer must 'specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony … Absent such a showing, the motion should be denied.'" *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995); *see also Falconwood Fin. Corp. v. Griffin,* 838 F. Supp. 836, 840-41 (S.D.N.Y. 1993) ("A party making a motion to transfer on the ground that witnesses will be inconvenienced is obliged to specify the witnesses to be called and to describe generally what they will say, thereby providing the judge with enough information to weigh the importance of witness convenience against other factors."); *Coady v. Ashcraft & Gerel*, 996 F. Supp. 95, 101 n.7 (D. Mass. 1998) (citing *C. Wright, A. Miller & E.H. Cooper*, 15 Federal Practice & Procedure § 3851 at 425 (2d ed. 1986) ("The party seeking the transfer must specify clearly, typically by affidavit, the key witnesses to be called and their location and must make a general statement of what their testimony will cover.").

"A mere statement of convenience or a claim that the greatest number of witnesses reside in a particular forum is insufficient." *Coady*, 996 F. Supp. at 101 n.7.  The materiality of the prospective witness' testimony, and not merely the number of prospective witnesses, will determine the extent to which their convenience will be weighed.  *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (district court must receive "some factual information relative to the materiality of witness testimony and [other relevant] considerations"); *see also Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 721 (E.D.N.Y. 1996) (denying transfer because

9

defendant failed to state substance of key witness' testimony).  Here, Defendants merely list prospective witnesses that they believe may be called at trial and offer nothing to establish the materiality of their expected testimony.  However, this Court cannot conduct a convenience analysis on possibilities alone.  In order for the convenience of prospective witnesses to even be a relevant consideration, Defendants must provide specific information regarding which prospective witnesses they actually intend to call, as well as topics of testimony they plan to elicit.  *Pilates*, 891 F. Supp. at 183.  Because this litigation is at an early stage and no discovery has been conducted, an assessment of the materiality of witness testimony is premature.  Thus, Defendants' argument that the convenience of witnesses warrants transfer must be rejected.

Moreover, the location of party witnesses does not justify the transfer of this litigation to the Eastern District of Pennsylvania.  Each party can secure the appearance of their employees and agents as witnesses regardless of the location of the forum.  *Sigros*, 129 F. Supp. 2d at 71.  Given the prevalence of modern air travel, minimal burden would be imposed upon party witnesses in order to secure their appearance to provide trial testimony.  Furthermore, discovery involving party witnesses, including depositions, need not occur in this District and can be conducted in the districts in which the party witnesses reside.  Accordingly, the location and convenience of party witnesses does not justify transfer.

### 3.    The Interest of Justice Does Not Warrant Transfer

#### a.    The Defendants Are Merely Shifting the Burden of Litigation from One Forum to Another Rather than Eliminating It

Where transferring venue would "merely shift the burden of litigating in a foreign forum rather than eliminate it," the transfer should not be granted.  *Id*. at 71.  Defendants would have the Court do just that – shift the burden of litigation from this District to the Eastern District of Pennsylvania.  Moreover, this Court should consider docket congestion of the two Districts.  The Eastern District of Pennsylvania is much more congested than the Southern District of

10

California.  The Southern District of California has 360 pending cases per judgeship (3,175 total civil cases filed in 2009), compared to 2,969 per judgeship in the Eastern District of Pennsylvania (47,606 total civil cases filed in 2009).  The median time from filing to disposition of civil cases in this District is six months compared to 13.2 in the Eastern District of Pennsylvania.  *See* Administrative Office of the United States Courts, Federal Court Management Statistics, available at http://www.uscourts.gov/cgi-bin/cmsd2009.pl.

Because transfer would shift the burden of litigating this case to the more congested Eastern District of Pennsylvania, the Court should deny the transfer.

> **b.      Pennsylvania Has no Greater Interest in This Litigation than California**

Defendants contend that Pennsylvania has a greater interest in this litigation than California.  Nearly every corporate Defendant "has its principal place of business in Pennsylvania or New York." (Defs.' Mem. at 12).  It is not apparent to West Palm what greater interest Pennsylvania has over California regarding New York-based corporate Defendants.  None of the corporate Defendants are organized under the laws of Pennsylvania.  While CardioNet is currently headquartered in Pennsylvania, it was headquartered in San Diego, California, at the time of its IPO.  Also, Underwriter Defendant Thomas Weisel Partners LLC has its principal place of business in California.  Moreover, this action arises under the federal securities laws and involves securities which have presumably been sold throughout the United States.  Thus, to say one state has a greater interest over another in the enforcement of federal securities laws in a federal court makes little sense to West Palm.

Defendants also contend the existence of the Pennsylvania Action gives Pennsylvania a greater interest.  While there is certainly some overlap between the cases in that they involve the same company, this action pleads different claims, arising during different time periods, and involves numerous other Defendants than the Pennsylvania Action.  Defendants point to a

11

1   pending motion to dismiss in support of transfer.  However, the Pennsylvania Action arises under

2   the Securities Exchange Act of 1934 and therefore must plead fraud with requisite particularity

3   required by the 1934 Act.  15 U.S.C. § 78u-4(b)(1)-(2).  Here, West Palm's claims arise under

4   the 1933 Act, do not allege fraud, and therefore must only pass muster under Rule 8 of the

5   Federal Rules of Civil Procedure.

6       Because Pennsylvania has no greater interest in this litigation than California, the Court

7   should deny the Defendants' Motion to Transfer.

8                    **c.        Plaintiff's Choice of Forum is Entitled to Deference**

9       Plaintiff's choice of forum is entitled to deference.  While Defendants correctly point out

10  that because (1) this action is brought as a class action and (2) West Palm does not reside in this

11  District, West Palm's choice of forum is entitled to less deference, they then ask this Court to

12  incorrectly conclude that West Palm's choice forum "should be disregarded entirely."  (Defs.'

13  Mem. at 15).  Defendants' leap from a reduction in deference to no deference whatsoever is

14  simply not supported by the cases they cite.  (*Id*. at 15-16).

15      Moreover, West Palm disagrees that the operative facts occurred primarily in

16  Pennsylvania.  Defendants concede that the IPO occurred while CardioNet was based in

17  California.  Without the benefit of discovery, we cannot determine where drafting sessions may

18  have occurred.  But West Palm notes that CardioNet's Registration Statements for both offerings

19  indicate CardioNet's counsel for both offerings is Cooley Godward Kronish LLP, located in San

20  Diego, California.  *See* Registration Statements for IPO and Secondary Offering.

21      Contrary to Defendants' arguments, this Court should afford West Palm's choice of

22  forum, which has substantial ties to this action, some deference, and deny Defendants' Motion to

23  Transfer.

24

25

26                                     12

27

28

### d.     The Location of the Documents Does Not Warrant Transfer

The location of documents in this litigation fails to support transfer, especially given "the comparatively low cost of transporting documents."  *See Pennwalt Corp. v. Purex Indus., Inc.*, 659 F. Supp. 287, 290 (D. Del. 1986).  Moreover, "'since most records and documents now can be transported easily or exist in miniaturized or electronic form … their location is entitled to little weight.'"  *Boateng v. Gen. Dynamics Corp.*, 460 F. Supp. 2d 270, 276 (D. Mass. 2006). "This is particularly true with the development of photo duplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies." *Id*. (citing *Wright, supra*, 15 Federal Practice & Procedure § 3853.)  Indeed, Defendants concede the location of documents is less significant in this case.  (Defs.' Mem. at 18).

Here, documents are in the possession of parties located in California, New York, Pennsylvania and elsewhere.  Because the documents are dispersed throughout the United States, this factor does not warrant transfer of this action to the Eastern District of Pennsylvania.

### e.     Whether Certain Third Parties May Not Show Up for Trial Absent Compulsory Process is Purely Speculative at this Time, and Therefore, Does Not Support Transfer

Defendants speculate that there are certain non-parties who may be important witnesses who are within the Eastern District of Pennsylvania.  However, speculation alone will not suffice.  Defendants must present evidence to support their assertion that there are non-party witnesses located in Pennsylvania who will not appear at trial.  *Culebra II, LLC v. River Cruises & Anticipation Yachts, LLC*, No. 07-13-P-H, 2007 WL 1657426 at *10 (D. Me. June 4, 2007) (the defendants have not shown that these unnamed witnesses are unwilling to travel to Maine or that there are no alternative, less burdensome means by which to present their testimony). Defendants have presented no such evidence here.   Thus, this Court should disregard Defendants' argument.

13

Further, that a third party witness (whose necessity as a trial witness has not even been established) might be outside of this Court's subpoena power fails to support transfer.   The Court's theoretical lack of subpoena power over certain third parties is a non-issue and Defendants will not be prejudiced by a potential, yet unsubstantiated, claim of a lack of access to these witnesses at trial.  Further, courts have broad powers to manage litigation in multiple-party complex litigation and may adopt necessary management procedures, such as compelling testimony and/or documents.  Fed. R. Civ. P. 16(c)(2)(L).  Moreover, many courts have held witnesses need not provide live testimony.  *See*, *e.g.*, *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1138-39 (6th Cir. 1991), cert. denied, 502 U.S. 821 (1991) ("[t]here is no reason why the testimony of witnesses [not subject to compulsory process] could not be presented by deposition"); *McEvily v. Sunbeam-Oster Co., Inc.*, 878 F. Supp. 337, 348 (D.R.I. 1994) ("videotaped depositions can make demeanor evidence available to a jury even when witnesses are not physically present at trial").

Defendants here provided no evidence that the parties will be unable to secure third party witness testimony through depositions, thus preserving that evidence for use at a trial. To the extent a third party witness is not within the subpoena power of any district court, then transfer to the Eastern District of Pennsylvania will do nothing to secure that witness' testimony.  Thus, Defendants' unsupported speculation regarding the unavailability of third party witnesses and this Court's theoretical lack of trial subpoena power over unidentified third parties fails to establish that transfer to the Eastern District of Pennsylvania is appropriate.

14

**IV.    CONCLUSION**

While Defendants have presented some reasons why this action could be transferred to the Eastern District of Pennsylvania, they have not made the requisite strong showing necessary to support transfer.  Therefore the Court should deny Defendants' Motion to Transfer.

DATED:  May 28, 2010                    SCOTT+SCOTT LLP

                                        /s/Arthur L. Shingler III
                                        ARTHUR L. SHINGLER III (181719)
                                        MARY K. BLASY (211262)
                                        600 B Street, Suite 1500
                                        San Diego, CA  92101
                                        Telephone:  619/233-4565
                                        619/233-0508 (fax)

                                                -and-

                                        DAVID R. SCOTT
                                        156 South Main Street
                                        P.O. Box 192
                                        Colchester, CT  06415
                                        Telephone:  860/537-3818
                                        860/537-4432 (fax)

                                        Amber L. Eck
                                        ZELDES & HAEGGQUIST, LLP
                                        625 Broadway, Suite 906
                                        San Diego, CA 92101
                                        Telephone: 619/434-0024
                                        619/342-7878 (fax)
                                        *Counsel for Plaintiff*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2010 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 28, 2010.

_/s/ Arthur L. Shingler III_ _____
ARTHUR L. SHINGLER III
SCOTT+SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
Telephone: 619-233-4565
Fax: 619-233-0508
E-mail: ashingler@scott-scott.com

16