UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST PALM BEACH POLICE PENSION FUND,<br><br>    Plaintiff,<br><br>v.<br><br>CARDIONET, INC., *et al.*,<br><br>    Defendants. | Civil No. 10cv711-L(NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Defendants removed this securities class action from State court. The notice of removal is based on 28 U.S.C. Section 1441 and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. Sections 77v(a) and 77p(c). Plaintiff filed a motion to remand. Because SLUSA expressly prohibits removal, Plaintiff's motion is **GRANTED**.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Plaintiff filed a putative class action complaint in State court alleging that it and others similarly situated purchased or otherwise acquired common stock of Defendant CardioNet, Inc.

pursuant to or traceable to the company's initial stock offering and/or its subsequent secondary stock offering. In the operative first amended complaint,[1] Plaintiff alleged that the registration statements and prospectuses for the offerings contained false and misleading statements and omissions in violation of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77(k), 77*l*(a)(2) & 77o. Defendants removed based on the SLUSA and Plaintiff moved to remand based on a different interpretation of the same statute.

The Securities Act of 1933 provides concurrent jurisdiction in state and federal courts over alleged violations of the Act. 15 U.S.C. § 77v(a); *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1033 (2008). However, it also includes two provisions regarding removal, which are the subject of Plaintiff's motion. Plaintiff's motion is based on SLUSA's jurisdictional provision, which prohibits removal of federal securities actions from State to federal court:

> Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a). Defendants argue that removal is proper when section 77v(a) is read together with section 77p(c), which includes a removal provision:

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

Subsection (b) in turn provides for preclusion of certain class actions as follows:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging–
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

Subsections (b) and (c) have been referred to as the "preclusion provision" and the

---

[1] Defendants removed the first amended complaint. The court looks to the complaint as of the time of removal. *Abada v. Chares Schwab & Co.*, 300 F.3d 1112, 1117 (9th Cir. 2002).

2                                                                                                  10cv711

"removal provision," respectively. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006). Together they operate so that "[a]ny suit removable under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision, § 77p(b), and any suit not precluded is not removable." *Madden v. Cowen & Co.*, 576 F.3d 957, 965 (9th Cir. 2009). Specifically,

> If the action is precluded, neither the district court nor the state court may entertain it, and the proper course is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.

*Kircher*, 547 U.S. at 644. Accordingly, "removal and jurisdiction to deal with removed cases is *limited* to those precluded by the terms of subsection (b)." *Id*. at 643 (emphasis added); *see also Madden*, 576 F.3d at 965 (breadth of preclusion provision limited). Arguments such as Defendants', that the removal provision is broader than the preclusion provision, have been rejected. *See Kircher*, 547 U.S. at 643.

To be precluded under section 77p(b), the class action must be brought under State law, among other requirements. 15 U.S.C. § 77p(b); *see also Madden*, 576 F.3d at 965 (itemizing requirements for preclusion). The removal provision, section 77p(c), does not apply to actions which are not precluded under section 77p(b). In such cases, particularly when the case is brought only under the Securities Act of 1933, the applicable removal provision is included in section 77v(a). *Luther,* 533 F.3d at 1033, 1034. It "strictly forbids the removal of cases brought in state court and asserting claims under the Act." *Id*. (footnote omitted). This counterintuitive outcome, where certain State law claims are removable, albeit only to be dismissed as precluded, while federal claims are not removable, is due to the convoluted history of the Securities Act of 1933, including the Private Securities Litigation Reform Act of 1995, its unintended consequences, and the SLUSA's purpose of counteracting them. *See Kircher*, 547 U.S. at 636; *Madden*, 576 F.3d at 963-64. Consistent with this history, far from being a broad removal provision, the purpose and scope of section 77p(c) is limited to "ensuring that federal courts will have the opportunity to determine whether a state action is precluded." *Madden*, 576 F.3d at 965.

Because Plaintiff's action was brought in State court and asserted claims only under the

Securities Act of 1933 rather than under State law, it is neither precluded nor removable. *See* 15 U.S.C. § 77v(a); *Luther*, 533 F.3d at 1034. Therefore this court has no jurisdiction and the proper course is to remand. *Kircher*, 547 U.S. at 643-44; *Madden*, 576 F.3d at 965.

The action was removed improvidently and without jurisdiction. Plaintiff's motion for remand is therefore **GRANTED** and this action is **REMANDED** to the Superior Court of the State of California, County of San Diego.

**IT IS SO ORDERED**.

DATED: March 24, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL